# IN RE HODGES.

---

PATENTS; PATENTABILITY; INVENTION; ANTICIPATION.

1. A mere carrying forward of new or more extended application of the original thought; a change only in form, proportions, or degree; the substitution of equivalents; doing substantially the same thing in the same way, by substantially the same means, with better results,—is not such invention as will sustain a patent.

2. Claims for an interheater for a compound compressed-air engine, using atmospheric air to impart heat to the compressed air within the interheater, are not anticipated by a patent for such an interheater using a liquid substance for the same purpose, but are anticipated by a patent which shows that one body of air may impart heat to another body flowing in a coil, and by thus imparting heat may increase the expansive power of the inclosed body of air.

No. 373. Patent Appeals. Submitted November 19, 1906. Decided January 8, 1907.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting certain claims in the application for a patent.                                        *Affirmed.*

The facts are sufficiently stated in the opinion.

*Messrs. Christy & Christy* for the appellant.

*Mr. Fairfax Bayard* for the Commissioner of Patents.

.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal [by Charles B. Hodges] from a decision of the Commissioner of Patents sustaining the decisions of two other tribunals in the Patent Office and rejecting five of appellant's ten claims for patent on interheaters for compound compressed-air engines.

The rejected claims follow:

"1. An interheater for a compound compressed-air engine, which consists of a receptacle receiving air from the high-pressure cylinder and delivering air to the low-pressure cylinder and provided with an extended surface adapted to absorb heat from the atmosphere at normal temperature and impart heat so absorbed to the compressed air in its flow to the low-pressure cylinder, substantially as described.

"2. An interheater for a compound compressed-air locomotive engine, which consists of a receptacle receiving air from the high-pressure cylinder and delivering air to the low-pressure cylinder, the said receptacle with an extended heating surface and arranged to receive a flow of atmospheric air at normal temperature over said surface, substantially as described.

"3. An interheater for a compound compressed-air locomotive engine, which consists of a receptacle receiving air from the high-pressure cylinder and delivering air to the low-pressure cylinder, together with means operative on the operation of said locomotive engine for causing a flow of atmospheric air at normal temperature over said heating surface, substantially as described.

"4. An interheater for a compound compressed-air engine, which consists of a receptacle receiving air from the high-pressure cylinder and delivering air to the low-pressure cylinder, and provided with an extended heating surface, together with means for causing a flow of atmospheric air at normal temperature over the said surface of said receptacle, substantially as described.

"5. An interheater for a compound compressed-air engine,

which consists of a receptacle for the air in its passage from the high-pressure cylinder to the low-pressure cylinder, provided with an inlet at its lower end and an outlet at its upper end, and having an extended surface exposed to the heating influence of atmospheric air at normal temperature, substantially as described."

A compound compressed-air engine is an engine in which the compressed air is first used in a high-pressure cylinder, that is, in a cylinder of relatively small diameter, and, after driving the piston connected therewith, instead of being permitted to escape, is conveyed to a low-pressure cylinder, that is, to a cylinder of larger diameter, where it still has sufficient expansive force to drive another piston. This operation may be again repeated in a third cylinder, or the air be permitted to escape to the atmosphere. When the compressed air enters the first cylinder, it necessarily partially expands, and in expanding becomes much colder, and by becoming colder its expansive power is, of course, correspondingly lessened or diminished. It is manifest, therefore, that any arrangement or device that will operate to warm or heat the air after it leaves one cylinder and before it enters the next will greatly increase its efficiency in the second cylinder. Inasmuch as such compressed air, after being partially expanded in the first cylinder, is frequently colder than atmospheric temperature, appellant has arranged what he calls an "interheater," which in fact is a plurality of longitudinally extending tubes within and along which the compressed air flows from one cylinder to another, and over which a current of atmospheric air passes. The atmospheric air, being warmer than the compressed air within the tubes, imparts or gives up some of its warmth to the compressed air within, and to that extent increases the efficiency of the compressed air. It is simply a reversal of the old idea of warming atmospheric air by a plurality of tubes called radiators, through which steam or hot water passes. In one case the atmospheric air absorbs heat from the substance within the tubes, and in the other case it imparts heat to the tubes and the substance therein.

The following references are cited by the Commissioner as the basis for the rejection of the above claims: British patent, No. 3056 of 1871, Geisenburger; No. 222,950, December 23, 1879, Reynolds & Haupt; No. 344,006, June 22, 1886, Palmer; No. 655,148, July 31, 1900, Dickerson; No. 745,373, December 1, 1903, Nutty.

Reynolds & Haupt in their specification say: "We employ an engine of the compound type, and, though we may or may not heat the air before its introduction to the engine, *we always heat it after its exhaust from the high-pressure cylinder and before its induction to the low-pressure cylinder;* and to this end our invention consists in the combination, with a compound engine for the use of compressed air for motive power, of a heater placed between its high and low pressure cylinders and containing heated water or other liquid, through or in contact with which the air passes between its eduction from the one cylinder and its induction into the other." It will be observed that this patent, like the claim in issue, has reference to an interheater for a compound compressed-air engine, the only real difference being that Hodges uses atmospheric air, instead of a liquid substance, to impart heat to the compressed air within the interheater. Inasmuch as it is obvious that, under certain conditions, an interheater dependent wholly upon atmospheric air for its successful operation possesses advantages over one requiring some liquid substance, Hodges will be entitled to a patent if it can be successfully demonstrated that he is the originator of the idea embodied in this difference between the two devices. On the other hand, if he is not the originator of the idea of using atmospheric air to impart heat to air within some receptacle for the purpose and with the effect of increasing its expansive force, then, obviously, he ought not to be given a monopoly on all such devices. We pass, therefore, to the other references to determine this question.

The Dickerson patent, as described by him, "consists in the combination, with a receiver for containing the liquid air, of an air-motor connected therewith, through suitable intermediate expansion coils or chambers, and a blower or fan which is driven

by the motor, and which is arranged to produce a current of air over the expansion-coil, so as to impart to the latter sufficient heat to effect the expansion of the air therein and to be delivered at a reduced temperature into the room or other space which is to be cooled and ventilated. * * * The expansion-coils are located in the conduit, through which air is forced by the blower, so that by the absorption of heat from the latter the air in said coils is raised in temperature and expanded. This expanded air on reaching the reservoir is still further expanded by the absorption of heat from the incoming air, and exerts a sufficiently high pressure to run the motor." Without describing this patent further, we refer to the statement in the brief of counsel for appellant in reference thereto: "Although Dickerson here shows that one body of air may impart heat to another body flowing in a coil, and by thus imparting heat may increase the expansive power of the inclosed body of air, it teaches nothing more which is pertinent to the invention under consideration."

Appellant concedes he did not invent the interheater. He found that in the Reynolds & Haupt patent. His claim is for a device susceptible of using atmospheric air, instead of a liquid substance, to heat and expand air therein; and in the Dickerson patent we find such a device for such a purpose. We think appellant concedes this in the statement taken from his brief. In *Smith* v. *Nichols,* 21 Wall. 112, 22 L. ed. 566, it is said:

"A mere carrying forward or new or more extended application of the original thought; a change only in form, proportions, or degree; the substitution of equivalents, doing substantially the same thing in the same way, by substantially the same means, with better results,—is not such invention as will sustain a patent."

The use of atmospheric air as a heating medium is also shown in the Geisenburger patent, and also in the Palmer patent. In the Geisenburger patent the carbonic acid gas in liquid form passes to the expansion cylinder through a coil or heater "inclosed in a tank or vessel filled with water or *air,* or any body

capable of having the same temperature as the circumambient air."

A careful examination of these cited patents and the drawings and specifications filed therewith convinces us that the Commissioner of Patents was right in disallowing all these claims, and we therefore affirm his decision, and direct the clerk to certify the proceedings in this court to him as the law provides.                                                    *Affirmed.*